Vermont Superior Court
Filed 09/05/25
Washington Unit

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-01705

| S H-T (A minor child), et al v. Meghan O'Neill, et al |
| --- |

## ENTRY REGARDING MOTION

Title:       Motion for Alternative Service of Defendants by Sheriff (Motion: 4)
Filer:       Richard Hone
Filed Date:  August 19, 2025

The motion is DENIED.

Plaintiff Hone has filed the present lawsuit on behalf of himself and his minor child. Since filing the present action with the Washington County Superior Court on April 18, 2025, Mr. Hone has amended his complaint eight times to add additional Defendants. Each of these Defendants appears to reside in New Jersey or a state that is not Vermont. Mr. Hone presently seeks permission to serve some of these Defendants by alternative means under Rule 4. V.R.C.P. 4(d).

Neither Mr. Hone, nor his minor child, is a resident of the State of Vermont either. Mr. Hone's complaint states that the "defendants are individuals who has [sic] submitted to Vermont for jurisdiction by causing bad acts to violate our Civil Rights . . ."

At least one Defendant, Mary Rose Gallardo, has filed a motion to dismiss premised on the lack of jurisdiction. *Def. Gallardo's Mot. to Dismiss*, Dckt. No. 25-CV-1705, at 3–4 (Aug. 4, 2025).

Based on this motion and a review of Plaintiff's various amended complaints, the Court finds that there is a broader threshold question of jurisdiction in this matter that extends to all parties. Plaintiff's theory of jurisdiction, as the Court understands, is that he was in Montpelier, Vermont on certain dates and received phone calls from the Defendants that he contends constituted parts of his present claim.

The due process clause of the 14th amendment to the United States Constitution "limits the power of a state court to render a valid personal judgment against a nonresident defendant." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The exception is that the state may

exercise personal jurisdiction over a nonresident defendant only as there exist "minimum contacts" between defendant and the forum State. Id. at 292. Minimum contacts require, among other elements, facts that if proven would show that "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Id. at 297.

Plaintiff's pleadings do not provide sufficient evidence or allegation of the necessary minimal contacts. *Vitale v. Bellows Falls Union High School*, 2023 VT 15, ¶ 31 (pleadings must make out a "prima facie case" or "they are not entitled to move forward in litigation"). Before the Court considers Plaintiff's motion for alternative service, Plaintiff is obligated to make a showing under Rule 12(e) of the basis for his claim of personal jurisdiction in Vermont for each of the Defendants that he has named herein and the minimal contacts with the forum state that support jurisdiction under *World-Wide Volkswagen, Corp.* Plaintiff shall file this response showing the basis for his claim of personal jurisdiction in Vermont against each and every Defendant no later than 14 days from the date of this Order.

Nothing in this order shall affect Plaintiff's timeline and obligation under Rule 7 for responding to Defendant Gallardo's pending Motion to Dismiss, and the Court will address the questions raised in that motion for Defendant Gallardo through the normal course of that motion practice.

Until this issue is resolved, Plaintiff is directed not to file any additional amended complaints or add any additional defendants. The Court will hold his request for alternative service under advisement until this threshold issue is resolved.

**So Ordered.**

Electronically signed on 9/4/2025 1:53 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge